**RAYBESTOS–MANHATTAN, INC.,**
**Plaintiff,**

v.

**Leroy ROWLAND and Rowland Enterprises, Inc., Defendants.**

**Civ. A. No. 69–1041.**

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 22, 1969.

994

Harold James, of James & Franklin, New York City, and Charles H. Gibbs, of Sinkler, Gibbs & Simons, Charleston, S. C., for plaintiff.

T. Russell Foster, and Vernon R. Scott, Charleston, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

This is a suit involving trade secrets. The immediate attention of the court evolves from plaintiff's motion for a preliminary injunction enjoining and restraining the defendants and all persons in active concert or in participation with them from using, making any disclosure of, on their own behalf making or prosecuting any patent application relative to, or manufacturing or selling or using in manufacture any devices or methods corresponding to, or including any of the material details of, the improvements in the method and apparatus for the manufacture of rubber rolls which form the subject matter of this action, and from utilizing and disclosing any of plaintiff's trade secrets.

■ A survey of the facts is crucial to a decision. Initially, the court has jurisdiction as plaintiff is a New Jersey (resident) corporation, defendants are residents of South Carolina and plaintiff seeks, among other relief, damages in the amount of more than $10,000.[1]

Plaintiff has for some years engaged in inventing, devising, and using and, where appropriate, selling, a variety of manufactured items, particularly including metal cored rubber rolls, and methods and apparatus for facilitating the manufacture of such rolls. One such roll comprises a metal core, a rubber roll portion mounted on the core, and a thin flexible sleeve which surrounds the rubber portion. For many years such rolls were manufactured by plaintiff using a mold, and in accordance with a procedure or method, disclosed in U.S. Patent 3,380,120 of April 30, 1968 entitled "Manufacture of Metal Cored Rubber Rolls."

Defendant Leroy Rowland from 1960 and continuously until early in 1969 was employed on a fulltime basis by plaintiff. His assigned duties involved, among other things, the production of metal cored rubber rolls of the type specified above and the devising of apparatus and methods to facilitate the manufacture thereof. At the plant and in the course of his duties defendant alone or in conjunction with and cooperation with other employees of plaintiff, conceived and devised a new and improved method for the manufacture of the rolls, together with certain apparatus for ultimate production. The method and apparatus were devised and put into practice, after tests by defendant at plaintiff's plant, with the use of plaintiff's equipment, supplies and personnel. The method and apparatus were disclosed by defendant to plaintiff in accordance with routine disclosure procedures.

The improvements, method and apparatus for the making of cored rubber rolls having a sleeve thereon were made, developed and tested by defendant and others. These activities of defendant at plant site of plaintiff were part of his duties, and were at all times known by him to be part of his duties.

■ Defendant Leroy Rowland left plaintiff's employ in March 1969. From that time to the present time improvements devised by him have been main-

[1]. 28 U.SC § 1332.

tained secret by plaintiff and are considered by plaintiff to be trade secrets, all of this to the said defendant's knowledge.

This court is impressed with the candor and truth of the testimony of Charles Travelle, who, according to defendant Rowland, had the expertise incident to the purpose of Rowland's effort. It is Travelle who signed the patent application that plaintiff pursued to protect its interests. From the testimony of this witness it is apparent that the so-called "new method" was and is properly the property of plaintiff. The genesis of Rowland's idea was conceived in the climate of his employment. Birthed with the assistance of plant personnel, and nurtured on plant equipment and expertise such as that contributed by Mr. Travelle.[2] There is no other plausible explanation of his use of the suggestion which noticed the plaintiff of the problem and idea. It was Travelle who complemented—he testified it was his duty to help as "project leader"—in bringing the Rowland idea to fruition. All effort, after Rowland's disclosure, was on company time and company property.

This court examines the faith plaintiff exhibited as to the suggestion:

1. It consulted with its patent attorneys and, on their advice and instructions, authorized them to prepare a patent application in the name of defendant Rowland and Mr. Travelle as joint inventors covering the subject matter involved.

2. Its Suggestions System Committee met and awarded to defendant Leroy Rowland the amount of $250.00 in connection with his suggestion.

3. It submitted to defendant Rowland, through his attorneys, the joint patent application which was prepared, and with respect to which Mr. Travelle assigned his rights to plaintiff, and in response was advised by letter of May 5, 1969 from defendant Rowland's attorney that:

(a) The subject matter involved was allegedly originated and developed solely by defendant Rowland independently of any help or assistance by plaintiff;

(b) Defendant Rowland has had pending "for some time" a patent application in his own name on the subject matter involved;

(c) Defendant Rowland denied that plaintiff had any interest whatsoever in either the origination or the development of the subject matter involved;

(d) Defendant will take such steps as he chooses which are consistent with his alleged ownership of the subject matter; and

(e) If plaintiff wishes to purchase or take a license under defendant Rowland's alleged rights it should let defendant Rowland know.

Plaintiff's main customer for the metal-cored rubber rolls here involved is Xerox Corporation, as defendant Rowland knew. (When he made his Suggestion A84891 he identified it as "Regarding Xerox production rolls"). Recently information has come to plaintiff that defendant Rowland has informed Xerox that the defendants own all of the rights to the method of manufacture of the rolls in question, and this has adversely affected the relationship between plaintiff and Xerox. Information has also come to plaintiff that defendants were negotiating with a competitor of plaintiff, Ames Rubber Corp. of Hamburg, New Jersey, with a view to disclosing to them the subject matter here involved and entering into a license arrangement with them.

On page 12 of plaintiff's bulletin entitled "Garco Suggestion System Bulletin" ("Garco" stands for General Asbestos

---

2. The general tenor of the testimony fully supports this conclusion.

and Rubber Company", one way by which it is known) it states:

"All suggestions which receive an award become the property of the company including all patents and copyrights."

Defendant Rowland's suggestion was submitted. It was tried out. It did not work satisfactorily, but in the opinion of Mr. Travelle it showed promise. A fairly extensive period of development and improvement ensued, in which defendant Rowland participated. Eventually these improvements bore fruit—the process was considered to have reached a practical state. It was adopted by plaintiff in its manufacture. Then, when the value of the defendant Rowland's suggestion could be evaluated in an intelligent fashion, it was evaluated, and an award of $250 was granted, that award being based upon the express provisions of the Suggestion System, as set forth in the relevant bulletin, to-wit:

Where definite savings to the company can be determined the award is equal to 10% of measurable savings in one year from the date that your suggestion is put to use. In some cases it may take a trial period of six to twelve months before savings can be estimated. In these cases an initial award will be paid. This may be followed by an additional award at the end of the trial period if the findings prove that the idea has paid off in even greater savings to the company.

■ Defendant Rowland, by filing Suggestion No. A84891, brought his improvement under the provisions of the Suggestion System. Plaintiff, by making an award under that System, after due consideration by appropriate personnel, did what it was obligated to do under that Suggestion System. Accordingly, the rules of the Suggestion System prevail—the suggestion is the property of the company.

When Rowland used the Suggestion System in prior instances, there was never any question but that the suggestions that he made were to be used by plaintiff in the course of its operations, and Rowland never made any claim to any rights whatsoever in the subject matter of those suggestions other than his right to receive an award if one was granted. In the instant case, after plaintiff had invested a large sum of money in developing Rowland's idea it appeared to Rowland that this particular idea was perhaps more valuable than the ideas he had previously suggested, but this does not in any way justify defendant Rowland's Johnny-come-lately decision to ignore his submission under the Suggestion System and act as though it never had taken place.

In previous instances where Rowland utilized the Suggestion System he had not been asked to assign any patent applications. Perhaps this was because those suggestions were not considered significant enough to warrant the filing of a patent application. The Suggestion System booklet explicitly refers to patents as belonging to the company, and in prior instances such assignments had been made, for example, by Travelle and, indeed, by Thomas Rowland, Rowland's brother.

Therefore, because Rowland went the "Suggestions System" route, because the Suggestions System regulations provide that when an award is made a suggestion becomes the property of the company, and because an award was in fact made, it follows that Rowland's suggestion is owned solely by plaintiff.

The subject matter of defendant Rowland's improvement relates to a method of manufacture and to the construction of a mold used in that method. The end product—the metal-cored rubber roll—is the same product as that produced by the earlier method shown in plaintiff's Patent 3,380,129. By examining the product which is sold one cannot tell by what process it was made nor what was the structure of the mold used in that process. For all that can be learned from the end product, the method and manufacturing apparatus might well

have been that disclosed in the afore-mentioned Patent 3,380,129.

█ Plaintiff has never published or disseminated the method and apparatus here involved. They are disclosed in a patent application which plaintiff has filed, but patent applications are maintained in secrecy by the Patent Office, and the filing of a patent application does not represent a publication, or an abandonment of secrecy.

The method and apparatus here involved is practiced by plaintiff solely within the privacy of its own plant. It is not known to anyone outside the plant except for defendant Rowland (and except for anyone to whom defendant Rowland may have disclosed these matters already).

Defendant Rowland learned about these matters only by virtue of his employment with plaintiff. His original idea germinated because he was involved in the production of the plastic-covered rubber rolls being manufactured by plaintiff in accordance with Thomas Rowland's Patent 3,380,129, and he learned of the modifications and improvements in his idea necessary to make it practical and useful only by reason of his association with Mr. Travelle as part of his duties with plaintiff.

Plaintiff's motion is granted. This court feels constrained, however, to require plaintiff to post bond in the event higher authority finds error in this court's decision. Plaintiff shall post indemnity bond in the amount of One Hundred Thousand Dollars, conditioned to payment to defendants of such sums as may be found to have been suffered by defendants by this restraint in the event defendants shall prevail on the merits.

This order in no way preempts the patent pursuit by any of the parties. Nor does this preempt further decision on the merits.

Defendants and all other persons in active concert or in participation with them are restrained and enjoined from using, making any disclosure of, on their own behalf making or prosecuting any patent application relative to, or manufacturing or selling or using in manufacture any devices or methods corresponding to, or including any of the material details of, the improvements in the method and apparatus for the manufacture of rubber rolls which form the subject matter of this action, and from utilizing and disclosing any of plaintiff's trade secrets.

The parties may apply to this court for other relief in keeping with this order.

And it is so ordered.